[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant, Western Surety Company, filed two motions to dismiss plaintiff's action, motion #105 and #107. These motions were filed on the same date. It's clear from the two motions and supporting memoranda that motion #107 was intended to amend minor errors in motion #105. Therefore, motion #107 is the operative motion upon which this decision is rendered.
The court denies the defendant's, motion to dismiss because General Statutes § 49-37 (a) grants the plaintiff the opportunity to amend its complaint to include an action upon the CT Page 12486 bond which is substituted for the plaintiff's mechanics lien.
Section 49-37 (a) states in relevant part: "Whenever a bond is substituted for any lien after an action for the foreclosure of a lien has been commenced, the plaintiff in the foreclosure may amend his complaint, without costs, so as to make the action one upon the bond with which the plaintiff may join an action to recover upon his claim. Whenever a bond is substituted for any lien before an action for the foreclosure of the lien has been commenced, the plaintiff may join the action upon the bond with an action to recover upon his claim. Whenever a bond has been. substituted for any lien, pursuant to this section, unless an action is brought to recover upon the bond within one year from the date of recording the certificate of lien, the bond shall be void."
The plaintiff's mechanic's lien was placed on the defendant, Joseph Gilroy's, property on January 22, 1997. (Amended Complaint, ¶ 4.) This action was commenced by service of process on June 5, 1997. (Sheriff's Return dated June 5, 1997.) On June 24, 1997, by order of the court, the mechanic's lien was dissolved and a bond was substituted in its place with the defendant, Western Surety Company, as surety. Gilroy v. Jones,
Superior Court, judicial district of Waterbury, Docket No. 138959 (June 24, 1997, Murray, J.). It is clear that the plaintiff commenced this action before the bond was substituted for the lien. Therefore, in accordance with § 49-37 (a), the plaintiff was able to amend his complaint to cite in Western Surety Company. The one year limitation in the last sentence of § 49-37 (a) refers to instances in the previous sentence where the bond is substituted for the lien prior to the commencement of the foreclosure action. Such an interpretation would be consistent with the one year statute of limitations in General Statutes § 49-39. See Tedford v. 1718 Boston PostRoad Ltd., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036383 (January 14, 1993, Curran, J.).
Defendant's motions to dismiss are denied.
THOMAS G. WEST, J.